UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL DON GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-40-JED-PJC |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE FINANCIAL LITIGATION UNIT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration the United States' Motion to Dismiss Amended Complaint and Supporting Brief (Doc. 11). The United States, on behalf of its agency, the United States Department of Justice, seeks dismissal of pro se plaintiff Michael Don Greene's amended complaint on the basis that this Court lacks jurisdiction because the United States has not waived sovereign immunity for the claim asserted by Greene.

**Background**

On September 1, 2005, Green was convicted of evasion of the payment of taxes and subscribing a false tax declaration (USA v. Greene, 04-CR-209-001-HDC (N.D. Okla.)). He was sentenced on March 6, 2006, to a term of 70 months in prison and ordered to pay a fine in the amount of $500,000. In 2011, Greene brought a lawsuit in Arizona seeking, among other things, a refund of taxes he paid in 1995. The United States entered into a settlement with Greene whereby he would be paid $437,423.50 as a refund of taxes paid. Subsequently, Greene's refund was received by the Department of Treasury Financial Management Services office. Shortly thereafter, on or about September 13, 2011, the full amount of the tax refund was intercepted by the Tulsa office of the Department of Justice Financial Litigation Unit ("DOJ"). DOJ then

applied the funds to the $500,000 fine imposed upon Greene in connection with his 2005 conviction.

On January 22, 2013, Greene filed this litigation, alleging that DOJ's interception of the funds was improper. Greene alleges that DOJ had no right to offset his tax refund without giving 60 days notice and allowing him to present evidence that his $500,000 fine was not past due. The United States filed a motion to dismiss (Doc. 5), arguing that Greene had failed to effect proper service and failed to allege a waiver of sovereign immunity by the United States. In response, Greene sought leave to file an amended complaint (Doc. 7). The Court granted Greene's request for leave to amend (Doc. 10), and the United States then filed the instant motion to dismiss as to Greene's amended complaint, again arguing that Greene had failed to allege a basis for waiver of sovereign immunity. Greene's amended complaint and response to the United States' motion to dismiss both point to 26 U.S.C. § 6402, which does not preclude suits against government agencies to challenge offsets such as the one at issue here, as the applicable waiver of sovereign immunity. The United States argues that § 6402 does not contain an express and unequivocal waiver of sovereign immunity and that § 6402 is therefore inapposite.

## Standard

The United States, its agencies, and its officers acting in their official capacity are generally shielded from suit by the doctrine of sovereign immunity. *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295-96 (10th Cir. 2009) (citing *Wyoming v. United States,* 279 F.3d 1214, 1225 (10th Cir. 2002)). "The defense of sovereign immunity is jurisdictional in nature, depriving courts of subject-matter jurisdiction where applicable." *Id.* (citing *Robbins v. U.S. Bureau of Land Mgmt.,* 438 F.3d 1074, 1080 (10th Cir. 2006)). As the

2

United States notes in this case, general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, and thus "a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Id.* (citing *Lonsdale v. United States,* 919 F.2d 1440, 1443-44 (10th Cir. 1990)). Such a waiver must be unequivocally expressed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). And the Government's consent to be sued is strictly construed in its favor. *Id*. at 34.

## Discussion

As an initial matter, the Court notes that complaints filed by pro se plaintiffs are "to be liberally construed ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted) (internal quotations omitted). The Tenth Circuit has noted as follows with respect to this general rule:

> We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).[1]

The United States seeks dismissal of Greene's amended complaint on the sole basis that he has failed to adequately allege an unequivocal waiver of sovereign immunity. Greene, who as noted is proceeding pro se, responds by referencing 26 U.S.C. § 6402(g), which states that an

---

[1] The Court notes that within the sphere of pro se pleadings, Mr. Greene's are well above the norm that the Court has encountered.

action against a federal agency receiving an offset out of money paid by the Treasury is *not* precluded.

Section 6402 permits federal agencies to request an offset for "past-due legally enforceable debt" when the Treasury would otherwise be issuing a refund to a taxpayer. 26 U.S.C. § 6402(d). Specifically, § 6402(d) states:

> Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt (other than past-due support subject to the provisions of subsection (c)) to such agency, the Secretary shall—
>
> (A) reduce the amount of any overpayment payable to such person by the amount of such debt;
>
> (B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and
>
> (C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

The statute also prevents citizens from bringing claims to restrain or review a reduction against the Treasury. *Id*. at § 6402(g). But the statute "does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid…." *Id.*

The United States correctly asserts that § 6402 does not constitute an unequivocal waiver of sovereign immunity. *See Nordic Village, Inc.*, 503 U.S. at 33. But it does not follow, as the United States suggests, that there is simply no waiver of sovereign immunity that could conceivably apply to the type of claim presented by Greene. Indeed, § 6402 itself strongly suggests that such claims can be, and in fact are, made against federal agencies under some circumstances. Greene's amended complaint does not expressly articulate a basis for finding that the United States has waived its sovereign immunity in this context. However, because Greene seeks monetary damages for an alleged violation of federal law by a federal agency (*see* Doc. 8,

at 6), the Court will liberally construe the amended complaint in favor of Greene, as asserting a claim for an illegal exaction under the Tucker Act. *See, e.g., Huff v. U.S. Dep't of Army*, 508 F. Supp. 2d 459, 462 (D. Md. 2007) *aff'd*, 390 F. App'x 208 (4th Cir. 2010) (liberally construing pro se plaintiff's contract claim as one made pursuant to the Tucker Act's waiver of sovereign immunity); *see also Gerrard v. U.S. Office of Educ.*, 656 F. Supp. 570, 572 (N.D. Cal. 1987) (construing pro se plaintiff's § 6402 claim as one under the Tucker Act).

The Tucker Act constitutes an unequivocal waiver of the Government's sovereign immunity with respect to illegal exaction claims. *See Ecco Plains, LLC v. United States*, --- F.3d ---, 2013 WL 4735038 (10th Cir. Sept. 4, 2013). "An illegal exaction claim exists when 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" *Id.* (quoting *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996)). With respect to jurisdiction for such claims, 28 U.S.C. § 1491, often referred to as the "Big Tucker Act," provides jurisdiction in the Court of Federal Claims for "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The "Little Tucker Act," 28 U.S.C. § 1346(a)(2), provides concurrent jurisdiction to United States district courts and the Court of Federal Claims over "[a]ny other civil action or claim against the United States, *not exceeding $10,000* in amount, founded either upon the Constitution, or any Act of Congress ... in cases not sounding in tort...." 28 U.S.C. § 1346(a)(2) (italics added). "Thus, Tucker Act claims for more than $10,000 can be brought *only* in the United States Claims Court. Claims for less than $10,000 generally

can be brought either in a federal district court or in the United States Claims Court." *United States v. Hohri*, 482 U.S. 64, 67 n. 1, (1987) (italics added); *see also Normandy Apartments*, 554 F.3d at 1295 ("The Tucker Act vests exclusive jurisdiction with the Court of Federal Claims for claims against the United States founded upon the Constitution, Acts of Congress, executive regulations, or contracts and seeking amounts greater than $10,000.").

Mr. Greene's amended complaint (Doc. 8) seeks well over $10,000 in damages. Consistent with the Tucker Act and the above-noted authorities, this Court is without jurisdiction to hear Greene's § 6402 claim under the Tucker Act. Accordingly, jurisdiction over Greene's claim lies with the Court of Federal Claims.

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss Amended Complaint and Supporting Brief (Doc. 11) is **granted**. Greene's amended complaint (Doc. 8) is dismissed **without prejudice**. A separate judgment of dismissal will be entered herewith.

**SO ORDERED** this 18th day of October, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE